IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PACIFICA ROSEMONT LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR MANAGEMENT LLC,
PACIFICA COMPANIES LLC,

      Plaintiffs,

v.                                         Case No. 24-cv-0093 KG/KK

LAURIE BUFFER, as Personal
Representative of the Wrongful Death
Estate of JEAN HILLYER SMITH, deceased,

      Defendant.

## ORDER

This matter comes before the Court on Plaintiffs Pacifica Rosemont LLC, Pacifica Senior Living LLC, Pacifica Senior Management LLC, and Pacifica Companies LLC's Motion to Compel Arbitration, (Doc. 3), filed January 31, 2024. The Motion is fully and timely briefed. *See* (Docs. 3, 14, 17). On April 5, 2024, the Court held a hearing on the Motion. After hearing the evidence and considering oral and written arguments of counsel, the Court orders supplemental briefing to determine which parties might be properly bound by the Arbitration Agreement.

I.    *Parties Bound by the Arbitration Agreement*

In response to Plaintiffs' Motion, Defendant argues that "[Plaintiffs] do not assert, nor is there any evidence that the Arbitration Agreement applies to (1) Pacifica Senior Living LLC, (2) Pacifica Senior Management LLC, or (3) Pacifica Companies LLC," and therefore these companies are not parties to the Arbitration Agreement. (Doc. 14) at 4. In reply, Plaintiffs argue the Arbitration Agreement applies to each entity because Defendant's State Court Complaint

1

alleged "Pacifica Senior Living LLC, Pacifica Senior Management LLC and Pacifica Companies LLC each 'owned operated supervised, funded, managed, administered, and/or did business as Pacifica Senior Living Santa Fe.'" (Doc. 17) at 2 (quoting Defendant's State Court Complaint, (Doc. 1-5), at ¶¶ 5, 7, 9). And, the Arbitration Agreement binds Pacifica Senior Living Santa Fe's "administrators, successors, assigns, managers, and agents." *Id.* (quoting (Doc. 1-3)). If these allegations are true, each entity would be bound by the Arbitration Agreement. However, there is currently no evidence in the record supporting these allegations.

Moreover, at the hearing on April 5, 2024, there was some confusion as to whether Plaintiffs, in answering Defendant's state court interrogatories, denied that the Arbitration Agreement binds Pacifica Senior Living LLC, Pacifica Senior Management LLC and Pacifica Companies LLC. Thus, the Court requires clarity as to whether all Plaintiffs would be properly bound by the Arbitration Agreement.

The Court therefore orders supplemental briefing on the issue of whether Pacifica Senior Living LLC, Pacifica Senior Management LLC, and Pacifica Companies LLC are bound by the Arbitration Agreement. Plaintiffs shall file their supplemental brief within fourteen (14) days of this order. Defendant will then have fourteen (14) days to respond, should they decide to do so. Alternatively, in lieu of additional briefing, the Court will accept Plaintiffs' stipulation that Pacifica Senior Living LLC, Pacifica Senior Management LLC, and Pacifica Companies LLC are bound by the Arbitration Agreement, should they decide to do so.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE